UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:22-CR-00077-DCLC-CRW |
| v. | ) ) | |
| JACK D. VICARS, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 [Doc. 25]. The United States (the "Government") has responded in opposition [Doc. 26]. For the reasons below, Defendant's motion [Doc. 25] is **DENIED**.

### I. BACKGROUND

On July 19, 2022, Defendant was charged by information with one count of Wire Fraud in violation of 18 U.S.C. § 1343 and one count of Making and Subscribing a False Tax Return in violation of 26 U.S.C. § 7206(1) [Doc. 1, pg. 3]. On July 27, 2022, Defendant pleaded guilty to both counts [Doc. 2, pg. 1; Doc. 5]. The Presentence Investigation Report ("PSR") calculated his advisory guideline range to be 33 to 41 months based on an offense level of 20 and a criminal history category of I, with zero criminal history points [Doc. 10, ¶¶ 44, 49, 71]. At sentencing, the Court adopted the PSR but varied down from the advisory guideline range and sentenced Defendant to 27 months imprisonment based on his demonstrated remorse and minimal criminal history [Doc. 23, pgs. 1, 3]. Defendant's anticipated release date is September 15, 2024. *See* Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/.

Effective November 1, 2023, Guideline Amendment 821, Part B, subpart 1 amended the

1

sentencing guidelines to provide for a two-level reduction for defendants who received zero criminal history points under Chapter Four, Part A of the Guidelines. *See* U.S.S.G. § 4C1.1(a). The Sentencing Commission approved applying this amendment retroactively. U.S.S.G. § 1B1.10(d). The present motion followed.

## II. LEGAL STANDARD

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009). However, 18 U.S.C. § 3582(c)(2) provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The Supreme Court has explained that § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the Court must "determine that a reduction is consistent with [U.S.S.G.] § 1B1.10." *Id.* A reduction is inconsistent with § 1B1.10 if none of the amendments made retroactive in the policy statement apply to the defendant or would "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In determining what reduction, if any, is appropriate, the Court "determine[s] the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The Court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall

2

not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). Nor may the "reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C).

At step two, the Court considers the applicable § 3553(a) factors to determine whether the authorized reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "[T]he decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010) (citing *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009)). But "proceedings under 18 U.S.C. § 3582(c)(2) and [U.S.S.G. § 1B1.10] do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

### III. ANALYSIS

Here, the parties agree that Defendant satisfies the criteria of the new U.S.S.G. § 4C1.1(a) [Doc. 25, pgs. 1–2; Doc. 26, pg. 3]. Applying the amendment would reduce his offense level from 20 to 18 [*See* Doc. 23, pg. 1]; U.S.S.G. § 4C1.1(a). With a criminal history category of I, his amended guideline range is 27 to 33 months. *See* U.S.S.G. Ch. 5, Pt. A. Defendant's current 27-month sentence is the lowest his amended guideline range permits, and the Court may not sentence him below that range. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Defendant notes the Court varied from his guideline range at sentencing and "requests to receive the benefit of the court's variance with a sentence of 21 months" [Doc. 25, pg. 2]. But subject to exceptions not applicable here "[t]he provisions of § 1B1.10 . . . require a resentencing court to apply the amended Guidelines range that would have been applicable to a defendant, *without* applying any departures [or variances] . . . ." *United States v. Smith*, 655 F. App'x 376,

3

382 (6th Cir. 2016) (quoting *United States v. Taylor*, 815 F.3d 248, 251 (6th Cir. 2016)).  Thus, the Court may not consider the prior variance in determining Defendant's eligibility for a reduced sentence under the amendment.

IV. **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Reduction of Sentence [Doc. 25] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge